UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ANTHONY McCLURE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-1175 |
| | ) | |
| | ) | |
| JOSEPH YURKOVICH, et al., | ) | |
| Defendants. | ) | |

### CASE MANAGEMENT ORDER

This cause is before the Court for consideration of the Defendants' Motion for Summary Judgment on the Issue of Exhaustion [d/e 17] and case management. On November 26, 2012, Defendants filed a Motion for Summary Judgment on the Issue of Exhaustion [d/e 17]. Plaintiff was advised that failure to respond to this dispositive motion would result in the Court accepting the Defendants' statement of facts as true [d/e 20]. On December 3, 2012, the Court granted Plaintiff's November 30, 2012 request for an extension of time to file his response to Defendants' Motion for Summary Judgment and allowed Plaintiff until January 4, 2013 to file his response. On December 3, 2012, Plaintiff filed a combined Motion to Deny Defendants' Motion for Summary Judgment and Motion to Stay Discovery [d/e 23]. In denying the combined Motion, the Court explained that Plaintiff was correct that he need not show that he exhausted all grievance procedures in his Complaint, but that Defendants could file a motion for summary judgment on the issue of exhaustion and that in his response, Plaintiff should explain what attempts he made to exhaust his administrative remedies. Nonetheless, Plaintiff has not filed any response to Defendants' Motion for Summary Judgment on the Issue of Exhaustion.

**SUMMARY JUDGMENT**

**Background**

Plaintiff, a *pro se* prisoner, filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Hill Correctional Center. Plaintiff named three Defendants including Warden Joseph Yurkovich, Gregory Gossett, and Michele Pulley. The Court conducted a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. §1915A and found that Plaintiff had adequately alleged that the Defendants violated his Eighth Amendment rights when they failed to provide nutritionally adequate meals causing Plaintiff to lose weight and suffer health problems. Specifically, Plaintiff took issue with the fact that he was given only two meals per day rather than three per day.

## Undisputed Facts

The Illinois Department of Corrections has an established grievance process. *See* 20 Ill. Admin. Code §§ 504.800 *et seq*. An inmate is first required to speak with a counselor about the contested issue. 20 Ill. Admin. Code § 504.810(a). If the counselor does not resolve the problem, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id*. The grievance officer submits his recommendation to the Chief Administrative Officer who "shall advise the offender of the final decision in writing within two months after receipt of the written grievance, where reasonably feasible . . . ." 20 Ill. Admin. Code § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board (ARB) within 30 days after the date of the Chief Administrative Officer's decision. 20 Ill. Admin. Code § 504.850(a). The Director shall then review the findings and recommendations of the Board and, where feasible, make a final determination within six month after receipt of the

grievance. 20 Ill. Admin. Code § 504.850(f). When an inmate has received a copy of the Director's decision, the grievance procedure is complete.

Plaintiff filed his Complaint on June 4, 2012. According to the Defendants' facts, which the Court accepts as true, Plaintiff's May 17, 2012 grievance regarding his receipt of two rather than three meals per day received a Grievance Officer response on August 8, 2012 and the Chief Administrative Officer's response on August 15, 2012. (Dfts' MSJ, Exh. 1-A). The ARB thereafter received the grievance on August 29, 2012 and as of November 13, 2012, the ARB had not yet made a determination on Plaintiff's grievance. (Dfts' MSJ, Johnson Aff. ¶ 7).

## Legal Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

## Analysis

Defendants argue that Plaintiff submitted a grievance to the ARB more than two months after he filed this suit, that he had not received a final determination from the ARB at the time he filed suit, he is precluded from pursuing this suit while his grievance appeal remains pending, his

attempt to exhaust after he filed this suit is improper, and so he did not properly exhaust his administrative remedies before filing suit. The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).

Exhaustion of administrative remedies is an affirmative defense. Therefore, the burden of demonstrating a plaintiff failed to exhaust his administrative remedies rests with the defendants. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). In addition, any factual disputes concerning exhaustion are to be resolved by the court, not a jury. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir.2008).

"Exhaustion is a 'precondition' to filing a suit." *Johnson v. Hart*, 2011 WL 5509546, at *7 (N.D. Ill. Nov. 8, 2011) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 84 (2005) and further providing that an inmate's attempt to exhaust administrative remedies during litigation does not satisfy the PLRA). "[I]t is essential to keep the courthouse doors closed until [exhaustion] efforts have run their course." *Ford v. Johnson*, 362 F.3d 397, 398 (7th Cir. 2004). Failure to exhaust is ground for summary dismissal of the complaint. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001).

The Court finds that Defendants have met their burden and that they are entitled to summary judgment on the issue of exhaustion. It is clear based on the record before the Court that Plaintiff did not properly complete the grievance process before he filed his lawsuit on June 4, 2012. The Court finds that Plaintiff's administrative remedies were truly available to him, and that he simply failed to complete the grievance process before filing this lawsuit.

**CASE MANAGEMENT**

The Court notes that Plaintiff's Motion for Preliminary Injunction and Permanent Injunction was inadvertently filed as an Affidavit and Memorandum in Support [d/e 4] on June 4, 2012 which has not been ruled upon.  However, because Defendants filed a Motion for Summary Judgment on the Issue of Exhaustion, it became necessary for the Court to first consider whether Plaintiff had properly exhausted administrative remedies as required by the PLRA before the Court could consider the merits of the case.  *See Perez v Wis. Dept of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999) (district court lacks "discretion to resolve [a] claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.").  Indeed, Plaintiff's subsequent motions and the documents attached to those motions indicate that he did not properly and fully exhaust his available administrative remedies before filing his lawsuit.  *See, e.g.,* Document 24 at p. 3, filed December 10, 2012 ("Plaintiff has exhausted his grievance on the institution level and awaiting [sic] the Administrative Review Board in Springfield, Illinois.").  As a result of the determination made above that Defendants are entitled to summary judgment on the issue of exhaustion, Plaintiff's Motion for Preliminary Injunction and Permanent Injunction and all other pending motions are rendered moot [d/e 4, 24, 25, 27, 28, 29].

**IT IS THEREFORE ORDERED that:**

> **1) The Court finds that Plaintiff did not exhaust his administrative remedies before filing this lawsuit and the failure is a result of his own conduct.  Defendants' Motion for Summary Judgment on the Issue of Exhaustion is therefore GRANTED [d/e 17]. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. All currently pending motions are rendered MOOT [d/e 4, 24, 25, 27, 28, 29].  This case is closed, with the parties to bear their own costs.**
>
> **2)  Plaintiff is still responsible for full payment of the $350.00 filing fee to the Clerk of the Court even though his case has been dismissed.  Release from incarceration does not relieve Plaintiff of his obligation to pay the filing fee.**

**3) Plaintiff must notify the Clerk of the Court of a change of address and phone number in writing within seven days of such change**.

ENTERED this 24th day of April, 2013.

                                                                   s/ James E. Shadid
                              _____
                                         JAMES E. SHADID
                              CHIEF UNITED STATES DISTRICT JUDGE